CHEHEBAR DEVENEY & PHILLIPS

485 MADISON AVENUE, SUITE 1301

NEW YORK, NEW YORK 10022

CORNELIUS P. MCCARTHY
cmccarthy@cdlawllp.com

TELEPHONE: (212) 532-8204
FACSIMILE: (212) 753-8101

September 17, 2020

**VIA Email (Under Seal)**

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

Re: <u>Terpin v. Pinsky, 20-CV-3557 (CS) (LMS)</u>

Dear Judge Seibel:

Along with our co-counsel, Greenberg Glusker Field Claman & Machtinger, we represent Plaintiff Michael Terpin in the above matter.

We have received and reviewed Your Honor's order dated yesterday directing that our response to Defendant's proposed redactions of the First Amended Complaint be served and filed on or before September 26, 2020, that our opposition to Defendant's request for a pre-motion conference in anticipation of his motion to strike be served and filed on or before September 30, 2020, and that a pre-motion conference thereon be held on October 7, 2020 (collectively, the "September 16 Order"). As the Court may recall, the parties previously had a pre-motion conference relating to the original complaint and the Court, with the parties' input, issued an order setting a schedule for the filing of an amended complaint and the briefing of a motion to dismiss.

We write to respectfully request that the Court amend its September 16 Order to require that, in lieu of another pre-motion conference to discuss the newly-referenced motion to strike, the parties proceed with briefing on the motion to strike on the existing dates previously ordered as to Defendant's motion to dismiss, namely, October 2 for service of the motion, October 16 for service of our opposition, and November 6 for service of their reply.  By using the existing schedule, our proposal will avoid the anomaly of the motions being briefed at different times, allow the two motions to be served, briefed and argued together, and avoid further delay in moving this case forward.

We have been in contact with opposing counsel and they have rejected this proposal.  Although their September 15 letter to you included in its closing paragraph the alternate request that you set a briefing schedule instead of setting a pre-motion conference, they have most recently asserted that the pre-motion conference is a requirement and are thus asking that the motion to dismiss be re-scheduled to be fully briefed by some point in December.

We do not believe the existing schedule for the motion to dismiss should be changed.  It is now mid-September.  Defendant has had the original complaint for over four months at this point since it was filed in May.  We previously agreed to a lengthy extension of time for counsel to respond to August 1, and though we have since amended under the schedule set by the Court to add numerous additional allegations in response Defendant's earlier pre-motion letter, the core of Plaintiff's claims remain the same.  Under the circumstances, we see no reason to delay further this motion practice, and certainly no reason to delay it for months.

While we do not believe that any confidential matters are discussed herein, out of an abundance of caution and because Defendant requested that his letter discussing these matters be filed under seal, we request that this letter also be filed under seal if the Court deems that appropriate.

Respectfully submitted,

/s/

Cornelius P. McCarthy

cc: N. Biale, Esq. (via email)
    M. Tremonte, Esq.  (via email)

I do not see anything in this letter that should be sealed.

I have considered Defendant's letter of today (Doc. 26). I think it is most efficient to brief the motion to strike, if Defendant still intends to make it, on the same schedule previously set for the motion to dismiss.

As Defendant was curious as to my views on the motion to strike, I do not think such a motion would be a particularly good use of the parties' resources, given the high legal standard and the fact that the presence of an allegation in a complaint does not mean proof of that fact will be admissible at trial, but I leave that decision to Defendant.

Let us leave the 10/7/20 conference on for now, in case I need to rule on disputes relating to the redaction of the Amended Complaint.

SO ORDERED.

CATHY SEIBEL, U.S.D.J.

9/17/20