UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TERPIN,

                Plaintiff,

  -against-

ELLIS PINSKY, JOHN DOES 1-50,

                Defendants.

Case No. 7:20-cv-3557 (CS)

**ANSWER TO FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

      Defendant Ellis Pinsky ("Defendant"), by his undersigned attorneys, hereby states his answer, pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, to the allegations set forth in the First Amended Complaint of Plaintiff Michael Terpin (the "FAC") as follows:

      1.      Paragraph 1 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 of the FAC.

      2.      Defendant denies the allegations set forth in Paragraph 2 of the FAC, except admits that Defendant recently turned 18 and graduated from a suburban New York high school.

      3.      Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the FAC and therefore denies the allegations in Paragraph 3.

      4.      Paragraph 4 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 4 of the FAC.

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the FAC, and to the extent he has knowledge or information relevant to the allegations in Paragraph 5, Defendant denies the allegations.

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the FAC and therefore denies the allegations in Paragraph 6.

7. Paragraph 7 consists of hyperbolic editorial commentary as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the FAC.

8. Paragraph 8 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 8 of the FAC.

9. Paragraph 9 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 9 of the FAC.

10. Defendant denies the allegations set forth in Paragraph 10 of the FAC.

11. Paragraph 11 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11 of the FAC.

12. Paragraph 12 consists of scurrilous *ad hominem* attacks as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 12 of the FAC.

13. Defendant denies the allegations set forth in Paragraph 13 of the FAC.

14. Paragraph 14 of the FAC contains allegations as to which Defendant denies knowledge or information sufficient to form a belief. As to those allegations in Paragraph 14 about which Defendant does have knowledge and information, he denies the allegations.

15. Defendant denies the allegations set forth in Paragraph 15, except that he admits that he made a payment to Plaintiff of cryptocurrency, cash, and a watch, which is now worth well in excess of Plaintiff's claimed damages.

16. Paragraph 16 consists of scurrilous *ad hominem* attacks as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 16 of the FAC.

17. Paragraph 17 consists of nonsensical boasting as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 17 of the FAC.

18. Paragraph 18 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 18 of the FAC.

19. Paragraph 19 sets forth conclusions of law as to which no response is required.

20. Paragraph 20 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 20 except that he admits his residence.

21. Paragraph 21 sets for the conclusions of law as to which no response is required.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the FAC and therefore denies the allegations in Paragraph 22.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the FAC, except that he admits that cryptocurrency is a digital currency operated through a decentralized ledger called blockchain.

24. Paragraph 24 consists of scurrilous *ad hominem* attacks as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 24 of the FAC, except that he admits that at the time of the filing of the FAC he was an 18-year-old citizen of the United States residing in New York.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25 of the FAC and therefore denies the allegations in Paragraph 25.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the FAC and therefore denies the allegations in Paragraph 26.

27. Paragraph 27 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 27.

28. Paragraph 28 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 28.

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the FAC and therefore denies the allegations in Paragraph 29.

30. Defendant admits the allegations in Paragraph 30 of the FAC.

31. Defendant denies the allegations set forth in Paragraph 31, except admits that a "SIM swap" is a means of intercepting communications to a cellphone.

32. Defendant denies the allegations set forth in Paragraph 32, except admits that 2-Factor Authentication is a frequently-used security mechanism for authentication.

33. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 of the FAC and therefore denies the allegations in Paragraph 33, except admits that holder of cryptocurrency has a private key that may be used on the blockchain to transfer cryptocurrency.

34. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the FAC and therefore denies the allegations in Paragraph 34.

35. Defendant reiterates the responses contained in the foregoing Paragraphs.

36. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 36 of the FAC.

37. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the FAC and therefore denies the allegations in Paragraph 37.

38. Paragraph 38 sets forth conclusions of law as to which no response is required. To the extent a response is required, on the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 38 of the FAC.

39. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the FAC and therefore denies the allegations in Paragraph 39

40. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 40 of the FAC.

41. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 41 of the FAC.

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the FAC and therefore denies the allegations in Paragraph 42.

43. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 43 of the FAC.

44. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 44 of the FAC.

45. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 45 of the FAC.

46. Paragraph 46 sets forth conclusions of law as to which no response is required. To the extent a response is required, on the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 46 of the FAC.

47. Paragraph 47 contains hyperbolic commentary as to which no response is required.

48. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 48 of the FAC.

49. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 49 of the FAC.

50. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 50 of the FAC.

51. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 and therefore denies the allegations set forth in Paragraph 51.

52. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 52 of the FAC.

53. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 53 of the FAC, except that Defendant denies that he "conspicuously flaunted his wealth."

54. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 54 of the FAC.

55. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 55 of the FAC.

56. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 56 of the FAC.

57. Defendant denies the allegations set forth in Paragraph 57 of the FAC.

58. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the FAC and therefore denies the allegations in Paragraph 58.

59. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 59 of the FAC and therefore denies the allegations in Paragraph 59.

60. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the FAC and therefore denies the allegations in Paragraph 60.

61. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61 of the FAC and therefore denies the allegations in Paragraph 61.

62. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 62 of the FAC and therefore denies the allegations in Paragraph 62.

63. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 63 of the FAC and therefore denies the allegations in Paragraph 63.

64. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 64 of the FAC and therefore denies the allegations in Paragraph 64.

65. Defendant denies the allegations set forth in Paragraph 65, except admits that in 2019, he, through counsel, sent Plaintiff cash.

66. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 66 of the FAC and therefore denies the allegations in Paragraph 66.

67. Defendant denies the allegations set forth in Paragraph 67.

68. Paragraph 68 contains editorial commentary as to which no response is required. To the extent a response is required, on the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 68.

69. No response is required to Paragraph 69.

70. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 70 of the FAC and therefore denies the allegations in Paragraph 70.

71. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 71 of the FAC.

72. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 72 of the FAC.

73. On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 73 of the FAC.

74. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 74 of the FAC and therefore denies the allegations in Paragraph 74.

75. No response is required to Paragraph 75.

76. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 76 of the FAC and therefore denies the allegations in Paragraph 76. To the extent Defendant has knowledge or information as to the allegations in Paragraph 76, he denies them with respect to participation in other hacks with members of the so-called "Enterprise," and otherwise, on the advice of counsel, invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer those parts of Paragraph 76 of the FAC.

77. Defendant denies the allegations set forth in Paragraph 77 of the FAC.

78. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 78 of the FAC and therefore denies the allegations in Paragraph 78, except to admit that he was previously represented by John Siffert, Esq.

79. Defendant admits that Plaintiff provided a draft complaint to Mr. Siffert and that Defendant's counsel engaged in discussions with Plaintiff's counsel. Defendant denies knowledge or information as to any specific statements by his counsel in those discussions.

80. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 80 of the FAC and therefore denies the allegations in Paragraph 80, except to admit that Defendant would not sign the agreement that had been drafted and that Plaintiff filed a complaint in this action on May 7, 2020.

81. Paragraph 81 sets forth a legal conclusion as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 81 of the FAC.

82. Paragraph 82 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 82.

83. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83 and therefore denies the allegations in Paragraph 83.

84. Paragraph 84 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 84.

85. Defendant denies the allegations set forth in Paragraph 85 of the FAC.

86. Paragraph 86 contains histrionic nonsense as to which no response is required.

87. No response is required to Paragraph 87 as the Court has already dismissed Plaintiff's claim for injunctive relief.

## FIRST CLAIM FOR RELIEF

### (RICO Claim)

88. Defendant reiterates his responses to the foregoing Paragraphs.

89. Paragraph 89 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 89.

90. Paragraph 90 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 90.

91. Paragraph 91 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 91.

92. Paragraph 92 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 92.

93. Paragraph 93 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 93.

94. Defendant denies the allegations set forth in Paragraph 94 of the FAC.

95. Paragraph 95 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 95.

96. Paragraph 96 sets forth conclusions of law as to which no response is required. To the extent a response is required, on the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 96 of the FAC.

97. Paragraph 97 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 97.

98. Defendant denies the allegations set forth in Paragraph 98 of the FAC.

99. Paragraph 99 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 99.

100.    Paragraph 100 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 100.

## SECOND CLAIM FOR RELIEF

### (Conversion)

101.    Defendant reiterates his responses to the foregoing Paragraphs.

102.    Paragraph 102 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to Paragraph 102 and therefore denies the allegations set forth in Paragraph 102.

103.    On the advice of counsel, Defendant invokes his rights and privileges under the United States Constitution, including the Fifth Amendment, and declines to answer Paragraph 403 of the FAC.

104.    Paragraph 104 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 104 of the FAC.

105.    Defendant denies knowledge or information sufficient to form a belief as to Paragraph 105 and therefore denies the allegations set forth in Paragraph 105.

106.    Paragraph 106 contains hyperbolic editorializing and sets forth conclusions of law as to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 106.

## THIRD CLAIM FOR RELIEF

### (Money Had and Received)

107.    Defendant reiterates his responses to the foregoing Paragraphs.

108. Paragraph 108 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 108 of the FAC.

109. Paragraph 109 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 109 of the FAC.

## FOURTH CLAIM FOR RELIEF

### (Replevin)

110. Defendant reiterates his responses to the foregoing Paragraphs.

111. Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 111 of the FAC and therefore denies the allegations in Paragraph 111.

112. Paragraph 112 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 112 of the FAC and therefore denies the allegations in Paragraph 112.

113. Paragraph 113 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations set forth in Paragraph 114 of the FAC.

115. Defendant denies the allegations set forth in Paragraph 115 of the FAC.

116. Paragraph 116 sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116.

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief)

117. No response is required to Paragraph 117 because the Court has already denied Plaintiff's request for injunctive relief.

118. No response is required to Paragraph 118 because the Court has already denied Plaintiff's request for injunctive relief.

119. No response is required to Paragraph 119 because the Court has already denied Plaintiff's request for injunctive relief.

## AFFIRMATIVE DEFENSES

1. As and for a first affirmative defense, Plaintiff fails to state any claim upon which relief can be granted.

2. As and for a second affirmative defense, Plaintiff's claims are barred by the applicable statute of limitations.

3. As and for a third affirmative defense, Plaintiff's claims are barred by Plaintiff's unclean hands, bad faith, self-interested dealing, and/or fraudulent conduct.

4. As and for a fourth affirmative defense, Plaintiff's claims are barred because Plaintiff suffered no damages.

5. Defendant reserves the right to raise additional and other affirmative defenses as may be or become applicable to the claims.

## JURY TRIAL REQUESTED

Defendant respectfully requests a trial by jury.

Dated: November 1, 2021

SHER TREMONTE LLP

By: _____
Noam Biale
Michael Tremonte
Mark Cuccaro
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
nbiale@shertremonte.com
mtremonte@shertremonte.com
mcuccaro@shertremonte.com

*Attorneys for Defendant Ellis Pinsky*